PHILLIPS PETROLEUM COMPANY,
Appellant,

v.

RAILROAD COMMISSION of Texas,
Appellee.

No. 10807.

Court of Civil Appeals of Texas.

Austin.

Nov. 30, 1960.

Rehearing Denied Jan. 4, 1961.

R. L. Foster, Wm. J. Zeman, Bartlesville, Okl., C. J. Roberts, John R. Rebman, Amarillo, for appellant.

Will Wilson, Atty. Gen., Leonard Passmore, Houghton Brownlee, Jr., Asst. Attys. Gen., for appellee.

ARCHER, Chief Justice.

This is a suit involving the Texas Railroad Commission's method or manner of applying its ratable take order No. 8–34,-332, dated November 1, 1956, in the Puckett-Ellenburger gas field, Pecos County. This is not a case attacking the validity of the order, for that was settled by this Court in Railroad Commission of Texas v. Permian Basin Pipeline Co., Tex. Civ.App.1957, 302 S.W.2d 238, er. ref., N.R.E. What appellant attacks here is the manner of applying and enforcing the order. After the conclusion of the prior litigation the Commission commenced to enforce the ratable take order in a manner which Phillips believed to be contrary to the terms of the order, and contrary to the manner of enforcement that would be required by the order as construed by the Commission in the prior case. Appellant believed that the order as applied was discriminatory to appellant and appellant's gas wells; and immediately upon ascertaining that the Commission's course of action in administering the order was in-consistent with that required by the order as previously construed and interpreted by it, appellant applied to the Commission for administrative relief. Following the denial of administrative relief, suit was filed by appellant to cause the Commission to enforce the ratable take order so that Phillips might produce its wells connected to the Permian Basin Pipeline Company facilities ratably with the other producers connected to the same facilities, this being what appellant contends that the order requires and what the Commission had contended the order requires in the prior suit attacking the validity of the order. Relief was also sought as to the nonratable takes by Permian Basin Pipeline Company from appellant's wells for the period already expired. From the judgment by the trial court after a trial on the merits without a jury, denying Phillips Petroleum Company all relief prayed for, it has perfected this appeal to this Court.

The appeal is founded on three points, as follows:

"1. The trial court erred in upholding the Commission's manner of enforcing Order No. 8–34,332, because its method and manner of enforcement are contrary to the terms of the order and to the common purchaser statute.

"2. The trial court erred in upholding the Commission's manner of applying and enforcing Order No. 8–34,-332, because such method discriminates in favor of Atlantic and Hammonds by requiring all of their allowable gas to be taken by the common purchaser paying the highest price in violation of said order and the common purchaser statute.

"3. The trial court erred in denying the relief prayed for by appellant because appellee's method of enforcing Order No. 8–34,332 is discriminatory and a taking of appellant's property without due process of law in viola-

tion of Section 19, Article 1, of the Texas Constitution, and the Fourteenth Amendment to the Constitution of the United States."

The order involved in this case reads:

"Railroad Commission of Texas
Oil and Gas Division
Austin, Texas
"July 31, 1959
"Re: Special Order No. 8–34,332, dated November 1, 1956, pertaining to the Puckett (Ellenburger) Field, Pecos County, Texas

Phillips Petroleum Company
"P. O. Box 1751
"Amarillo, Texas

"Gentlemen:

"Pursuant to your letter of July 10, 1059, wherein you requested Commission action with respect to an application filed December 23, 1957, pertaining to the Puckett (Ellenburger) Field, the Commission has had an investigation made to determine the present condition of distribution of allowables and ratable take in such field.

"The Commission is satisfied that the method of allocation of allowables as established in Special Order No. 8–34,332, has stablilized production operations in said field, and is assuring each operator an equal opportunity to produce and market his fair share of the production from said field.

"You will recall that Special Order No. 8–34,332 was issued by the Commission for the purpose of eliminating certain discriminatory practices, and to protect the correlative rights and opportunities of each owner of gas in the common reservoir to produce and use or sell such gas as permitted by law. The Commission is pleased that the regulation adopted in such order is working so effectively.

"After consideration in this matter, the Commission concludes that the provisions of Special Order No. 8–34,-332 have been applied in accordance with the Commission's construction of the terms thereof, and that in its application, said Special Order No. 8–34,-332 is not discriminatory or confiscatory to Phillips Petroleum Company. The Commission further concludes that if there was error in the representation to the Courts of the method used in the distribution of individual well allowables, it was the right and duty of Counsel for Phillips to direct the Court's attention to such error at the time it was made, rather than to seek cancellation on a questionable technical argument of an effective order that is necessary to the protection of the rights of all parties in the field.

"The Commission's duty is to administer the proration laws to give each party an equal opportunity to produce his fair share of the gas in said field. Since that purpose is being accomplished effectively by the present regulation, the Commission concludes that Special Order No. 8–34,332 should not be cancelled, and that a hearing in the matter of the questionable technical argument would not result in any change in regulation as suggested by Phillips, and so should be refused.

"It is so ordered this 3rd day of August, 1959, at Austin, Texas

"Railroad Commission of Texas
"s/ Ernest O. Thompson
Chairman
"s/ W. J. Murray, Jr.
Commissioner
"s/ Olin Culberson
Commission
"Attest:
"s/ O. D. Hyndman
Secretary
"Seal"

Appellant takes the position that:

"Where a producer applies for and invokes the common purchaser statute

to cause a common purchaser to take his gas where there is another purchaser in the field taking gas at a lesser price and another producer who obtained the markets in the first place is connected to both markets, can the Commission through the enforcement of a ratable take order cause the purchaser paying the higher price to take all of applicant producer's gas, with the resulting effect that the other producer connected to both markets is required to absorb more than his share of the lesser priced market and thereby less than his share of the higher priced market, or can the Commission only require such purchaser paying the higher price to take ratably applicant's gas with the gas that such higher paying purchaser takes from the other wells to which he is connected?"

Appellee takes the position that there is but one central issue in the case, and that is:

"Is the order discriminatory because it does not compel Atlantic and Hammonds to sell to an inferior market which resulted from Phillips' own intra-corporate dealings or suffer the penalty of a loss of a portion of their allowables if such sales are not made? This is the principal issue that will be discussed in this brief. A subsidiary issue is whether the Railroad Commission is to be bound by the principle of judicial estoppel so as to compel the Commission to enforce its order in a manner mistakenly stated in previous Commission briefs."

Appellee says that the construction given the order by the Commission was an inadvertent error and that the questions in the previous litigation did not touch upon the details as to the manner in which the order was to be enforced, and that since the order had not been enforced at all at the time of the trial of the prior case or during the appeal thereof the manner of enforcement was not developed in the previous litigation.

We believe that the trial court entered a proper judgment and that such judgment should be affirmed.

■ We do not believe that appellant showed that the order to be enforced was discriminatory as to Phillips.

In the prior (Permian) case Phillips contended that the order was discriminatory because there were two markets in the field paying different prices and that the result of the order as it then viewed the matter would cause all of Atlantic's and Hammonds' gas to be taken into the higher priced market.

The Commission in its brief had asserted that the orders were not invalid because they disregard the fact that there are two purchasers of gas in the field, and said:

"At pages 103 and 106 of its brief Phillips argues that the Commission's orders are invalid because they disregard the fact there are 'two purchasers in the field'; and because the orders 'direct that Atlantic's entire allowable shall be taken by Permian, who pays the higher price'. The short and complete answer is that the Commission's orders do no such thing. They provide for 'a schedule of percentage factors' for each well to be applied to the actual production from the field. But it is not Permian only that must purchase ratably in accordance with these factors; it is 'each common purchaser of gas connected to wells in said field'. Consequently, Permian must ratably take its gas in compliance with such factors and the other purchaser, McCandless, must do the same thing. In this way the rights of all producers are precisely protected."

and made a further statement:

"The Commission's orders are not invalid because they fail to recognize that two purchasers are buying gas in the field.

"The foregoing counterpoint is in reply to Phillips' Tenth Point.

"Phillips argues that the Commission's orders are invalid because they disregard the fact that there are 'two purchasers * * * in the field'; and because the orders direct that Atlantic's entire allowable 'shall be taken by the purchaser paying the higher price'. The short and complete answer is that the Commission's orders do no such thing. They provide for 'a schedule of percentage factors' for each well to be applied to the actual production from the field. But it is not Permian only that must purchase ratably in accordance with these factors; it is 'Each common purchaser of gas connected to wells in said field'. Consequently, Permian must ratably take its gas in compliance with such factors and the other purchaser, McCandless, must do the same thing. In this way the rights of all producers are precisely protected.

" 'Of course, a producer may not desire to sell to McCandless, believing his price too low. In such event the wells of such producer will be disregarded insofar as McCandless' purchases are concerned and he may ratably take from those who desire to sell gas to him. Precisely the same is true of Permian. Precisely the same will be true of any purchaser who appears in the future. But exact justice is done because each purchaser is required to take ratably, that is, in accordance with the percentage factors, from those who desire to participate in the market supplied by such purchaser.' "

Appellant in its brief says that:

"With the discrimination issue out of the way once that litigation had ended, the Commission reversed its position by applying the order in utter disregard of what it had formerly contended would prevent discrimination, i. e., Atlantic and Hammonds would not be favored by all of their allowable gas going to the higher priced market. Among other testimony, the following by John S. Cameron, Chief Engineer of Gas Department for the Commission, reveals clearly that the Commission has not applied the order according to its previous representations about the proper construction of the order:

" 'Now, just hold onto those, if you will, and I want to hand to you Plaintiff's Exhibit No. 23, which is the Puckett-Ellenburger Field participation factors, and Plaintiff's Exhibit No. 22, which is the Puckett-Ellenburger Field proration schedules. Those are all, — they have been furnished by the Commission to Phillips. With those to refer to, I would like to read to you from Plaintiff's Original Petition the following, and this is an excerpt from the brief filed by the Railroad Commission and Atlantic:

" ' "Phillips seeks to leave the impression that the Commission's orders not only require Permian to purchase from Atlantic the latter's pro rata share of the total volume of gas purchased by Permian, but also requires Permian to purchase from Atlantic an additional amount of gas equivalent to Atlantic's share of the total volume of gas purchased by McCandless. This is simply not true."

" 'Now, I want to ask you if the Commission has, since this reorder has been in effect, prorated the way this brief said it does; in other words, is this a correct representation of the way the Commission has prorated under this order?

" 'Mr. Roberts: I have an objection to interpose. Before the witness is permitted to answer the question, counsel should read to the witness the remainder of the paragraph in order that it may be fully explanatory.

" 'Mr. Brownlee: All right, I will be glad to. After it says, "This simply is not true, the rest of the paragraph is:

" ' "Under the illustration presented at pages 14–15 of the Reply, Permian is only required to purchase from Atlantic one-ninth of 40,000,000 cubic feet of gas; it is not required to take one-ninth of 43,000,000 cubic feet."

" 'That is the whole paragraph. Now, what I want to ask you is, has the Commission followed this method? If it would help you to read the illustration referred to on pages 14 and 15 of the Reply, that is also contained in Plaintiff's original Petition, and rather than read it all into the record again, I will simply hand it to you and allow you to read it. Here is the excerpt from pages 14 and 15 (handing document to witness).

" 'Mr. Brownlee: Now, my question was, Mr. Cameron, has the Commission prorated in that manner? A. No, sir.

" 'Q. Has it ever done so in this field? A. No, sir.'

"Another employee for the Commission, Mr. Fred Young, a licensed Texas attorney, testified on cross examination:

" 'Q. Now, Mr. Young, you have read the briefs filed by the Commission in the Permian and Phillips cases, haven't you? A. Yes, sir.

" 'Q. It is your answer, isn't it, that the Commission has not, and is not, doing what its briefs said? A. I believe that's right. I believe it is a ticky question, but I believe you are right.' "

Appellee says that the common purchaser has never attempted to investigate the question of price in the proration of gas, and that the enforcement of ratable purchasing under the provisions of Article 6049a does not touch upon the question of price, but only deals with ratable purchasing by a common purchaser in accordance with allowables established by the Commission on a volumetric basis and in this position we believe the Commission is correct.

We do not believe that the principle of Judicial Estoppel has application in this case.

Appellant cites Railroad Commission v. Arkansas Fuel Oil Co., Tex.Civ.App., 148 S.W.2d 895, er. ref., for the application of the rule of judicial estoppel to this case.

We do not believe the Arkansas case to be comparable with this instant case. The facts and circumstances are distinguishable. In the Arkansas case, the Commission had taken the position that waste would occur if a third well on a small tract be permitted to produce, and there was evidence to show waste in prior Federal litigation, and the fact issue was in dispute in the trial of the case and one that was fully developed by the Commission.

In the present case the manner of the enforcement of the order was not on issue and no evidence was presented by either side on this issue.

The doctrine of judicial estoppel will not be applied when the party seeking to make it was not misled and appellant did not show injury as a result of the mistake in the Commission's briefs.

31 C.J.S. Estoppel §§ 117 through 121 p. 372 et seq.; Marshburn v. Stewart, Tex. Civ.App., 295 S.W. 679, er. dism.; Smith v. Chipley, 118 Tex. 415, 16 S.W.2d 269.

The judgment of the trial court is affirmed.

HUGHES, J., disqualified and not sitting.